In re Matter of Award of Attorney's
Fees.

Edward L. LENNARTSON,
deceased, etc., Relator,

v.

FAIRWAY FOODS, INC., et
al., Respondents.

No. 81–49.

Supreme Court of Minnesota.

Oct. 2, 1981.

Patrick McGuire, Rush City, for relator.

McEachron & McEachron and Tom McEachron, Minneapolis, for respondents.

Warren Spannaus, Atty. Gen., and Winston Ehlman, Asst. Atty. Gen., St. Paul, for amicus curiae Minnesota Dept. of Labor and Industry.

SIMONETT, Justice.

Edward Lennartson, a truckdriver employed by Fairway Foods, Inc. to deliver groceries to stores in Minnesota and Wisconsin, died about 11 a.m. January 11, 1979, of cardiac arrest while unloading his truck. Fairway and its compensation insurer denied that employee's death had arisen out of and in the course of his employment, and his widow retained relator Attorney Patrick McGuire to pursue her claim for dependency compensation, agreeing to pay various costs from any compensation awarded and to pay attorney fees of 25 percent of her net recovery. Almost 2 years later McGuire succeded in negotiating a settlement of $43,500 with the employer and insurer. The parties then filed with the Workers' Compensation Division a petition for approval of the proposed settlement, which recited both the agreement for the proposed compensation award and the agreement between Mrs. Lennartson and McGuire. McGuire also filed a petition pursuant to

Minn.Stat. § 176.081, subd. 2 (1980), for attorney fees of $9,899.56 (25 percent of Mrs. Lennartson's net recovery of $39,-589.25). Compensation Counsel Jeffrey B. Nelson, as representative of the Commissioner of the Department of Labor and Industry, issued an order approving the settlement, but reducing the attorneys fees to $8,119.65. McGuire seeks review of the order pursuant to subdivision 4 of the statute, contending that the fee award was arbitrary because it was based on an erroneous interpretation of section 176.081. We agree and reverse, holding that the proposed settlement should have been approved in its entirety.

Minn.Stat. § 176.081 (1980) provides for awards of attorney fees pursuant either to subdivision 1 or subdivision 2. Subdivision 1 provides that a compensation judge and a judge of the Workers' Compensation Court of Appeals in settlements upon appeal before the court may authorize attorney fees of up to 25 percent of the first $4,000 of compensation awarded and up to 20 percent of the next $20,000—for a maximum of $5,000. Subdivision 2 goes on to say:

> Any application for attorney fees in excess of the amount which a compensation judge or the workers' compensation court of appeals may authorize shall be made to the commissioner of labor and industry. The application shall set forth the fee requested and the basis for such request. . . .

Section 176.081, subd. 2, does not provide for application of any particular mathematical formula for awarding attorney fees in those cases in which fees in excess of the $5,000 maximum permitted by section 176.-081, subd. 1, are appropriate. Compensation Counsel Nelson concluded, however, that here, where the compensation received exceeded $20,000, the 25/20 formula should still be applied, as any departure "would not accord with the intent of the Workers' Compensation Act." In the memorandum accompanying his order, compensation counsel correctly recognized that fees in excess of $5,000 are to be awarded only in extraordinary situations, and he then added:

Based upon a review of the Workers' Compensation Division's file, the Stipulation for Settlement, supplemental documentation, the nature of the issues to be resolved and the results obtained in conjunction with the guidelines set forth in M.S. 176.081, Subd. 5(d) and what is deemed to be the spirit of the legislative intent in enacting that statute, fees in the sum of $8,119.65 have been awarded herein and are based upon an application of the basic 25/20 rule formulated by M.S. 176.081, Subd. 1, namely 25% of the first $4,000.00 of benefits obtained and 20% of all sums paid over the first $4,000.00. The fact that excess fees are in order is readily apparent but the awarding of such fees on a straight 25% calculation would not appear to be in accord with the intent of the Workers' Compensation Act.

We are unable to agree that section 176.-081 reveals an intent that an award of attorney fees sought under subdivision 2 of this section must necessarily be in accord with, and hence limited by, the 25/20 formula set forth in subdivision 1. Subdivision 2 does not contain such a limitation. Nor does Minn.Stat. § 176.081, subd. 5 (1980), which provides in part:

> In the determination of the reasonable value of attorney fees arising out of a claim or proceeding under this chapter, the following principles are to be applied:

> (a) The fee in each individual case must be a reasonable one.

> (b) There is no set standard fee to be awarded in any workers' compensation matter.

> (c) No attorney-client fee contract or arrangement is binding in any workers' compensation matter.

> (d) In determining a reasonable attorney fee, important factors to be taken into account are: the amount involved, the time and expense necessary to prepare for trial, the responsibility assumed by counsel, the expertise of counsel in the workers' compensation field, the difficulties of the issues involved, the nature of

proof needed to be adduced and the results obtained. The amount of money involved shall not be the controlling factor.

(e) The determination of the fee in each specific workers' compensation matter must be done with the same care as the determination of any other fact question in the matter.

Compensation Counsel Nelson recognized that a fee in excess of $5,000 was justified by the principles set out in subdivision 5. Indeed, the commissioner does not, before us, dispute that application of these principles justifies the fees sought by relator.[1] In our view, where fees in excess of the maximum permitted by section 176.081, subd. 1, are justified, a limitation based on the 25/20 formula is contrary to the intent of subdivision 2 and also to the principle set forth in subdivision 5(b) that there is no "set standard fee" to be awarded in any workers' compensation case.

But for this erroneous interpretation of section 176.081, it appears the attorney fees requested by relator would have been awarded, since there is no contention that they were unreasonable or excessive. Consequently, we reverse and remand with directions that the requested attorney fees of $9,899.25 be approved.[2]

Reversed and remanded.

---

1. The employer and insurer denied primary liability, apparently because employee had had serious heart difficulties prior to the cardiac arrest, and the case involved sharply conflicting medical opinions on the issue of causal relationship between employee's work and his death. As compensation counsel's memorandum notes, the case was "very complicated" and "had this case been litigated, the trial judge's decision could easily have gone either way." Relator's extensive preparation included the obtaining of an autopsy several months after the employee's death. Relator also utilized his experience and expertise in negotiating a satisfactory settlement of an admittedly difficult claim.

2. We do not base our decision on the fee agreement between relator and Mrs. Lennartson. *See,* Minn.Stat. § 176.081, subd. 5(c) (1980). Nor, had the Commissioner of the Department of Labor and Industry taken the position that the requested fee was excessive, would we have directed its approval without reconsideration by the commissioner.