Gladys O. LAKICS, Respondent,

v.

LANE BRYANT DEPARTMENT STORE, et al., Relators,

Blue Cross/Blue Shield of Minnesota, Intervenor, Respondent.

No. 47558.

Supreme Court of Minnesota.

Feb. 3, 1978.

Rehearing Denied March 23, 1978.

Van Eps & Gilmore and Michael D. Aaf-edt, Minneapolis, for relators.

Robins, Davis & Lyons and Arnold M. Bellis and John G. Brian III, St. Paul, for respondent.

PER CURIAM.

██ Lane Bryant Department Store and its compensation insurer seek review of a decision of the Worker's Compensation Court of Appeals awarding employee, who had died several months earlier, temporary total disability benefits. Relators also seek review of a subsequent order directing payment of the award in equal shares to employee's surviving brothers and sisters. Relators first contend that the award cannot stand because the essential finding of causal relation between an injury to the bony structure of employee's nose, sustained in the course of her employment in December 1972, and cancer which originated in her right maxillary sinus and disabled her from August 1975 until it ultimately caused her death on July 12, 1976, is manifestly contrary to the evidence; but the record discloses substantial evidence to support that finding. Discussion of this issue is unnecessary, however, because we are required to conclude that relators are correct in their further contention that the compensation court had no authority to order payment of the compensation award to employee's brothers and sisters.

After discovering in August 1975 that she had adenocarcinoma in the right maxillary sinus, employee instituted a proceeding to obtain further compensation. She died before a decision had been rendered, but her brothers and sisters now urge that the compensation court properly ordered the compensation award thereafter made to be distributed to them on the theory that Minn. St.1974, § 176.101, subd. 6, which was in effect at the time of employee's injury, authorized the award despite its repeal in 1975. This statute provided in pertinent part:

" * * * [A]ccrued compensation due to the deceased prior to his death but not paid is payable to such dependent persons or legal heirs as the commissioner of the department of labor and industry, compensation judge, or commission, in cases upon appeal, may order, without probate administration."

██ We cannot agree that this provision is applicable. While the substantive rights of an *employee* to compensation become fixed by the law in force at the time the compensable injury occurs, *Kress v. Minneapolis-Moline Co.,* 258 Minn. 1, 102 N.W.2d 496 (1960); Minn.St.1974, § 176.101, subd. 6, did not relate to the employee's rights. It empowered the compensation court to distribute compensation accrued at the date of an employee's death to his dependents or legal heirs, but it could not operate before his death and the only rights to which it relates are those of dependents and legal heirs. This court has often held that rights of dependents are separate in-

choate rights which become effective on the death of the employee and are subject to the statutes in effect on that date. *Schwartz v. Talmo*, 295 Minn. 356, 360, 205 N.W.2d 318, 321 (1973). The rights of potential heirs are no different and also must be governed by the law in effect at the date of the employee's death. In this case the statute had been repealed by then.

In the absence of statutory authorization for the order, we are faced with the fact that rights and benefits granted by the Worker's Compensation Act rest solely upon, and are limited by, the statutes creating them. *Umbreit v. Quality Tool, Inc.*, 302 Minn. 376, 225 N.W.2d 10 (1975); *Schwartz v. Talmo, supra.* In *Umbreit* the court held that the heirs of an employee who died from a nonemployment-related cause were not entitled to a lumpsum award for permanent partial disability, which for purposes of decision was assumed to have accrued to the employee at the time of his death. The basis for the holding was that "[t]here simply is no statutory provision for payment of such benefits to legal heirs in such cases." 302 Minn. 380, 225 N.W.2d 13. The same is true in this case.

 It is argued that *Umbreit* and *Rozales v. Peerless Welder, Inc.*, Minn., 246 N.W.2d 851 (1976) and *Mattson v. Prospect Foundry, Inc.*, Minn., 255 N.W.2d 381 (1977), which followed it, are distinguishable because in those cases the employee died from causes unrelated to employment and the proceedings were instituted by dependents or heirs to recover permanent partial disability benefits. But these factual differences are not significant. Like the permanent partial disability benefits involved in those cases, the temporary total disability benefits involved here are rights personal to an employee, granted to compensate him for work-related disability and loss of earning power. In the absence of a statute authorizing distribution of such compensa-

tion to dependents or heirs, we are compelled to hold that unpaid temporary total disability compensation not reduced to an award during the employee's lifetime cannot be distributed to them by an order of the compensation court.[1]

We reluctantly conclude that the order directing payment of the compensation awarded employee to her brothers and sisters must be reversed. In the light of this consequence, it seems to us that the legislature may wish to reexamine the wisdom of repealing Minn.St.1974, § 176.101, subd. 6.

Reversed.

OTIS, J., took no part in the consideration or decision of this case.

---

1. In *Knoble v. Storer*, Minn., 255 N.W.2d 389 (1977), it was held that an unpaid award of benefits and expenses attributable to a work-related injury made to an employee during his lifetime was not extinguished by his death from causes not related to the injury to the extent that it was fixed in amount and related to periods which terminated before or upon his death. It was also held that the compensation court could order distribution of the award. Here, no award was made during employee's lifetime.