Robert F. BORCHARDT, deceased employee, Respondent,

v.

Peterson BIDDICK, et al., Relators.

No. 51667.

Supreme Court of Minnesota.

June 19, 1981.

C. Douglas Allert, Minneapolis, for relators.

Robert R. Johnson, Minneapolis, for respondent.

TODD, Justice.

Relators, Peterson Biddick and its compensation insurer, seek review of a decision of the Workers' Compensation Court of Appeals holding that employee's heirs are entitled by Minn.Stat. § 176.021, subd. 3 (1978), to receive payment for permanent partial disability sustained by employees in a work-related heart attack on October 14, 1976, but not paid to him prior to his death on November 11, 1978, from a nonwork-related cause. We agree with the Court of Appeals that, contrary to relators' position, the statute was properly applied.

The pertinent provision in section 176.021, subd. 3 (1978), was added by Act of May 27, 1977, ch. 342, § 4, 1977 Minn. Laws 697, 699–700, effective May 28, 1977, and provides:

> In the event that an employee's death is not compensable under this chapter, the right to receive a permanent partial disability payment shall vest in the injured employee or his dependents under this chapter or, if none, in his legal heirs at the time the disability can be ascertained and the right shall not be abrogated by

the employee's death prior to the making of the payment.[1]

Relators do not dispute that this provision was intended to confer the right to receive payment upon dependents or heirs of an employee who has sustained ascertained permanent partial disability but has not received payment for such disability before his death from a nonwork-related cause. Their contention is that the date of the injury causing the permanent partial disability is the date of the "compensable event" and that the law in effect on that date, October 14, 1976, applies to any claims relating to such disability. This was the view of the compensation judge, who determined that employee's heirs could not be awarded payment for the disability in spite of the parties' stipulation that the heart attack had resulted in an ascertained 15-percent permanent partial disability both to employee's heart and to his body as a whole. On the premise that October 14, 1976, was the date governing the rights both of employee and his dependents or heirs, the compensation judge denied the claim of the heirs because no statute then in effect provided for the payment. The Workers' Compensation Court of Appeals vacated the compensation judge's findings and held that employee's heirs are entitled to receive payment.

If the premise of the compensation judge was correct, that would end the matter. The premise is untenable, however, because we have recognized for many years that rights of dependents or heirs are separate inchoate rights which become effective on the death of the employee and are thus governed by the laws in effect on that date. *Schwartz v. Talmo,* 295 Minn. 356, 360, 205 N.W.2d 318, 321, *appeal dismissed,* 414 U.S. 803, 94 S.Ct. 130, 38 L.Ed.2d 39 (1973); *Lakics v. Lane Bryant Department Store,* 263 N.W.2d 608 (Minn.1978). Application of this principle in *Lakics* required our reversal of an order of the Workers' Compensation Court of Appeals directing payment of compensa-

---

1. This provision was amended by Act of June 7, 1979, ch. 3, § 30, 1979 Minn. Laws Ex.Sess. 1256, 1271–72.

tion for temporary total disability to the employee's heirs because no statute in effect on the date of the employee's death granted her heirs the right to receive such compensation. In this case, that lack has been supplied by the provision in section 176.021, subd. 3 (1978), quoted above. Since that statute was in effect on the date of employee's death, there is no merit in the claim that it was retroactively applied. *Cf. Scheeler v. North Pine Electric Cooperative, Inc.,* 276 N.W.2d 648 (Minn.1979), in which this statute did not govern because the employee had died prior to its effective date.

Employee is awarded attorneys fees of $400.

Affirmed.