**Bernette MINOGUE, widow of Robert J. Minogue, Relator,**

v.

**CITY OF ST. PAUL (self-insured), and State Treasurer, Custodian of the Special Compensation Fund, Respondents.**

Nos. 81–934, 81–997.

Supreme Court of Minnesota.

June 4, 1982.

Robins, Zelle, Larson & Kaplan, John G. Brian III, and Arnold M. Bellis, St. Paul, for relator.

Edward P. Starr, City Atty., and Beryl A. Nord and Thomas J. Weyandt, Asst. City Attys., St. Paul, for City of St. Paul.

Warren Spannaus, Atty. Gen., and Winston Ehlmann, Asst. Atty. Gen., St. Paul, for State Treasurer and Dept. of Labor and Industry.

SCOTT, Justice.

Relator Bernette Minogue, the widow of the employee, seeks review of the decision of the Workers' Compensation Court of Appeals which held that under the statute in effect at the date of the employee's death the heirs were not entitled to recover disability benefits that were not paid to the employee prior to his death. Relator also appeals from the award of attorneys' fees. We affirm the denial of benefits and remand for further consideration of the attorneys' fees.

Robert J. Minogue (Minogue) worked as a police officer in St. Paul for over 30 years. On July 12, 1978, two years after his retirement, he died as a result of coronary artery disease. His widow, relator, sought workers' compensation benefits. The compensation judge found that Minogue had been permanently and totally disabled since his second heart attack and had sustained a 75-percent permanent partial disability of the heart, both disabilities causally related to the employee's occupational disease. Relator was awarded death benefits, dependency benefits, and medical benefits, but was denied accrued benefits for permanent total disability or permanent partial disability under the applicable law. The Workers' Compensation Court of Appeals affirmed.

■ 1. The rights of dependents to workers' compensation benefits become effective on the death of the employee and are governed by the laws in effect on that date. *Borchardt v. Biddick*, 306 N.W.2d 817 (Minn.1981); *Lakics v. Lane Bryant Department Store*, 263 N.W.2d 608 (Minn.1978).

The operative statute in effect on the date of Minogue's death reads as follows in pertinent part:

> In the event that an employee's death is not compensable under this chapter, the right to receive a permanent partial disability payment shall vest in the injured employee or his dependents under this chapter or, if none, in his legal heirs at the time the disability can be ascertained and the right shall not be abrogated by the employee's death prior to making of the payment.

Minn.Stat. § 176.021, subd. 3 (1978) (emphasis added).[1] Since Minogue's death *was* found to be compensable under Chapter 176, this statute does not provide that the dependents are entitled to receive permanent partial disability payments. No other statute in effect at the time of death permitted the distribution of disability benefits to relator. The denial of entitlement to benefits must be affirmed.

■ 2. Relator also appeals the award of $8,000 in attorneys' fees,[2] claiming the award is arbitrary and unwarranted by the evidence. Her attorney had sought $12,500 in fees pursuant to Minn.Stat. § 176.081, subd. 2 (Supp.1981).

The standard for determining reasonable legal fees for workers' compensation proceedings is found in Minn.Stat. § 176.081, subd. 5 (1980). In *Saari v. McFarland*, 319 N.W.2d 706 (Minn.1982), we discussed the information the workers' compensation file must contain to meet the statutory requirement of "fully adequate information to justify the fee that is determined." Minn.Stat. § 176.081, subd. 5(g) (1980). *See also Rock v. Bloomington School District No. 271*, 269 N.W.2d 360 (Minn.1978).

In this case, as in *Saari*, the Court of Appeals provides no explanation for the amount awarded other than reciting the

---

**1.** This provision was added by Act of May 27, 1977, ch. 342, § 4, 1977 Minn.Laws 697, 699–700 (effective May 28, 1977). It was in effect until amended by Act of June 7, 1979, ch. 3, § 30, 1979 Minn.Laws Ex.Sess. 1256, 1271–72 (effective July 1, 1979).

**2.** The award provided that the City of St. Paul must pay a portion of the attorneys' fees pursuant to Minn.Stat. § 176.081, subd. 7 (1980).

factors that subdivision 5(d) requires be considered.[3] The order contains no findings of fact and no evidence of the weight given the different factors. We conclude that the record before us suggests the fee awarded was not adequate and was thus arbitrary and unwarranted by the evidence. We therefore remand the matter of attorneys' fees to the Court of Appeals to reconsider the determination or to furnish "fully adequate information" justifying the award, as directed by *Saari*.

Affirmed in part, remanded in part.

---

3. The memorandum accompanying the order is as follows in its entirety:

Considering the actual and potential monetary gain acquired by the petitioner from her attorney's efforts; the time spent by her attorney's office in preparing for trial; the difficulty of the issues involved in this matter, including that of causal relationship; the expertise of the petitioning attorney; and all of the additional factors as outlined in Minn.St. 176.081, Subd. 5(d) we have determined that $8,000.00 is a fair and reasonable attorney fee for the legal services rendered herein.