Jolene Stevens CHRISTENSON for
Bruce P. STEVENS (Deceased),
Relator,

v.

ASLESEN'S WHOLESALE FOOD and
The Home Insurance Company,
Respondents.

No. C3–83–508.

Supreme Court of Minnesota.

March 23, 1984.

John L. Weyland, Brooklyn Park, for relator.

Dianne E. Walsh, Minneapolis, for respondents.

SCOTT, Justice.

This is an appeal from the Workers' Compensation Court of Appeals' decision which affirmed a compensation judge's determination denying relator's claim on behalf of the deceased employee for permanent partial disability benefits. We affirm.

About 9:30 a.m. on March 31, 1980, while in the course and scope of his employment with respondent Aslesen's Wholesale Food, Bruce Stevens was involved in a single-vehicle accident. He died approximately three hours later of severe head injuries sustained in the accident. On September 2, 1981, the employee's widow filed a claim petition on his behalf, seeking permanent partial disability benefits pursuant to Minn. Stat. § 176.021, subd. 3 (1979 Supp.).

Minn.Stat. § 176.021, subd. 3, provided in relevant part: "The right to receive * * * permanent partial * * * disability payments shall vest in the injured employee or his dependents * * * at the time the disability can be ascertained and the right shall not be abrogated by the employee's death prior to the making of the payment." [1] Only recently, this court inter

1. There have been recent amendments to the permanent partial disability provisions. Instead

preted that statute "to allow recovery by heirs or dependents if the employee's permanent partial disability is determined to have been capable of ascertainment prior to the employee's death and the claimant successfully establishes the extent of disability." *Erickson v. Gopher Masonry, Inc.,* 329 N.W.2d 40, 43 (Minn.1983).

The compensation judge denied relator's claim on the ground that the employee's permanent partial disability was not ascertainable prior to his death. The Workers' Compensation Court of Appeals affirmed that finding and further held that "where death occurs due to personal injuries arising out of and in the course of the employment, the dependents have a claim for dependency benefits as set forth under the statute, but no claim for permanent partial disability benefits." With respect to that latter holding, the court of appeals reasoned that the legislature intended to set limits on death benefits and that intent would be frustrated by awarding permanent partial disability benefits in addition to death benefits.

■ We cannot sustain that latter holding by the court of appeals. Section 176.021, subd. 3, clearly evinces a legislative intent that payment of permanent partial disability benefits "shall be separate, distinct and in addition to payment for any other compensation." The legislative history of the provision in question further es-

tablishes that the legislature intended to allow dependents to bring an action for permanent partial disability regardless of whether the employee's death was compensable. When the provision was initially enacted in 1977, a dependent could maintain such an action only "[i]n the event that an employee's death [was] not compensable under [Chapter 176]." [2] *See Minogue v. City of St. Paul,* 320 N.W.2d 90, 91 (Minn. 1982) (qualifying language precluded an award of permanent partial disability benefits to an employee's dependent when the employee's death was compensable). Significantly, that qualifying language was deleted by a 1979 amendment.[3] Finally, there is no other statute bearing on this issue. Under the statutory provisions in effect at the time of the employee's death, we conclude that the court of appeals erred by holding that relator could not maintain the instant action.[4]

■ Nevertheless, we affirm that court's denial of compensation because the record supports its finding that the employee's permanent partial disability was not ascertainable prior to his death. This court must affirm the court of appeals' findings "unless they are manifestly contrary to the evidence or unless consideration of the evidence and reasonable inferences permissible therefrom would clearly require reasonable minds to adopt a contrary conclusion."

of recovering permanent partial disability benefits for a permanent functional loss of use or permanent impairment of function, an injured employee may receive economic recovery compensation or impairment compensation, subject to Minn.Stat. § 176.101. *See* Minn.Stat. § 176.-021, subd. 3 (1983 supp.). As relevant here, section 176.021, subd. 3, has been further amended to provide:

> The right to receive economic recovery compensation or impairment compensation vests in an injured employee at the time the disability can be ascertained provided that the employee lives for at least 30 days beyond the date of the injury. Upon the death of an employee who is receiving economic recovery compensation or impairment compensation, further compensation is payable pursuant to section 176.101. Impairment compensation is payable under this paragraph if vesting has occurred, the employee dies prior to reaching maximum medical improvement, and the re-

quirements and conditions under section 176.-101, subdivision 3e, are not met.

Act of June 7, 1983, ch. 290, § 33, 1983 Minn. Laws 1310, 1330 (effective upon adoption of temporary rules under Minn.Stat. § 176.105, subd. 4).

2. Act of May 27, 1977, ch. 342, § 4, 1977 Minn. Laws 697, 699–700.

3. Act of June 7, 1979, ch. 3, § 30, 1979 Ex.Sess. Minn.Laws 1256, 1271–72.

4. The rights of dependents are governed by the laws in effect on the date of the employee's death. *Borchardt v. Biddick,* 306 N.W.2d 817, 818 (Minn.1981). Minn.Stat. § 176.101, subd. 3r(d) (1983 supp.) now provides: "If the death results from the injury, the payment of economic recovery compensation or impairment compensation shall cease upon the death and death benefits are payable pursuant to section 176.-111."

*Nibbe v. City of St. Paul,* 320 N.W.2d 92, 93 (Minn.1982). The medical evidence presented was conflicting with respect to the key issue of whether the employee's permanent partial disability was capable of being ascertained prior to his death. We have often stated that the resolution of conflicting medical evidence is a matter for the court of appeals as trier of fact. *Id.; Gaspers v. Minneapolis Electric Steel Castings Co.,* 290 N.W.2d 743, 745 (Minn. 1979). Accordingly, we affirm the court of appeals on this ground.

Affirmed.