Mabel I. WEISSER, Respondent,

v.

COUNTRY CLUB MARKET and American Hardware Mutual Insurance Company, Relators.

No. CX–86–794.

Supreme Court of Minnesota.

Jan. 2, 1987.

John H. Guthmann, St. Paul, for relators.

Mark G. Olive, Minneapolis, for respondent.

## OPINION

WAHL, Justice.

Relators, Country Club Market and American Hardware Mutual Insurance Company, seek review of an award of attorney fees for services rendered in connection with the filing of a Request to Change Qualified Rehabilitation Consultant. We affirm the decision to award fees but remand for further consideration as to the reasonableness of the amount of fees.

Employee in this case sustained a work-related back injury in 1979. The injury was aggravated in November 1984. Disability benefits were voluntarily com-

menced and a Qualified Rehabilitation Consultant (QRC) was assigned pursuant to Minn.Stat. § 176.102 (1984).

Employee agreed to the rehabilitation plan, developed by her QRC, that involved a "work hardening" program designed to return employee to her prior work with employer. Employee cooperated in the plan until her employer, in violation of the plan, placed her in a work situation that required her to exceed her weight lifting restrictions. Instead of altering the plan, employee's QRC urged her to return to work. In April 1985, employee's attorney filed a request to change her QRC, and an administrative conference was scheduled. The rehabilitation plan was modified some time after the request to change was filed and before the conference was held. The plan was modified to eliminate the work hardening program and to engage the services of a placement specialist to help employee find new work. After the plan was modified, employee agreed to work with the same QRC. The administrative conference was held in May 1985 after which a medical decision and order were issued reflecting the modification and rehabilitation plan and agreement to involve the same QRC.

Employee's attorney subsequently submitted a statement of attorney fees for $573.75 (6.75 hours at $85 per hour) and attached a sheet documenting time spent on this case. The compensation judge awarded $507 (6.75 hours at $75 per hour), finding these fees to be fair and reasonable, and the Workers' Compensation Court of Appeals affirmed in a split decision.

■ 1. An attorney representing an employee may be compensated for his services in assisting the employee in obtaining rehabilitation services under Minn.Stat. § 176.081, subd. 1(a) (1984). The statute provides:

Subdivision 1. (a) A fee for legal services of 25 percent of the first $4,000 of compensation awarded to the employee and 20 percent of the next $27,500 of compensation awarded to the employee is permissible and does not require approv-

al by the commissioner, compensation judge, or any other party except as provided in cause (b). If the employer or the insurer or the defendant is given written notice of claims for legal services or disbursements, the claims shall be a lien against the amount paid or payable as compensation. *In no case shall fees be calculated on the basis of any undisputed portion of compensation awards. Allowable fees under this chapter shall be based solely upon genuinely disputed portions of claims, including disputes related to the payment of rehabilitation benefits or to other aspects of a rehabilitation plan.*

*Id.* (emphasis added). Thus, under this section of the statute, one of the prerequisites for attorney fees in a rehabilitation benefit case is a genuine dispute related to the payment of such benefits or a genuine dispute over "other aspects of a rehabilitation plan." We are satisfied that in the instant case, the record contains substantial support for the determination that there was a genuine dispute over the propriety of the rehabilitation plan and that it was the attorney's intervention and filing for a change of QRC that prompted the modification of the plan to the satisfaction of all parties.

■ An employee is required by law to cooperate in rehabilitation efforts. Section 176.102 requires that the employee participate in a structured rehabilitation plan developed by a QRC. If the employee does not cooperate in that structured plan, his or her entitlement to ongoing disability benefits is in jeopardy. Minn.Stat. § 176.102, subd. 13 (1984). Under certain circumstances an employee may obtain a change in QRC or modification of a rehabilitation plan. Minn.R. 5220.0500; 5220.0700 (1985). It is therefore appropriate for an attorney representing an employee to assist not only in obtaining services of a QRC but also to assist the employee through the rehabilitation process by insuring that the services are appropriate for the employee's needs and goals.

Relators and the WCCA dissent placed great emphasis on the fact that the employee filed a request to change the QRC as distinguished from a request to modify the plan. They reason that since the employee did not get the *requested* change, she did not "prevail." This argument places form over substance in that there was a dispute over the propriety of the plan and the QRC's role in promoting it. While relators have a right to be concerned about those cases in which an attorney files a request to change QRC without first determining whether there is a genuine dispute,[1] in this case there was a genuine dispute and the attorney's services facilitated resolution of it. The decision to award fees is therefore affirmed.

■ 2. There is, however, some question as to the justification for the amount of fees awarded. The standard for determining reasonable legal fees for workers' compensation cases is found in Minn.Stat. § 176.081, subd. 5 (1984). In *Saari v. McFarland*, 319 N.W.2d 706 (Minn.1982), this court discussed the information the workers' compensation file must contain to meet the statutory requirement of "fully adequate information to justify the fee that is determined." Minn.Stat. § 176.081, subd. 5(g).[2] *See also Minogue v. City of St. Paul*, 320 N.W.2d 90 (Minn.1982). In this case, there is no explanation of the amount awarded in terms of the factors that subdivision 5(d) requires be considered.[3] There are no findings of fact and no evidence of the weight given, if any, to the different factors. The attorney's documentation filed in connection with his statement of fees raises a question as to whether some of the fees requested were for work unrelated to and/or unnecessary to the resolution of the subject matter of this case. We therefore remand the matter to the WCCA to reconsider the determination or to furnish "fully adequate information" justifying the award, as directed by *Saari*.

Affirmed in part, remanded in part.

In determining a reasonable attorney fee, important factors to be taken into account are: the amount involved, the time and expense necessary to prepare for trial, the responsibility assumed by counsel, the expertise of counsel in the workers' compensation field, the difficulties of the issues involved, the nature of proof needed to be adduced and the results obtained. The amount of money involved shall not be the controlling factor. While this criteria has generally been applied to disability claim cases, it appears that the same criteria was intended to apply to rehabilitation claim cases since Minn.Stat. § 176.081 governs fees in connection with rehabilitation claims. *See* Minn.Stat. § 176.181, subd. 1(a) (1984).

---

1. *Cf. Fryhling v. Acrometal Products, Inc.*, 269 N.W.2d 744 (Minn.1978) (where a dispute exists between two or more employers as to which is liable for payment of workers' compensation benefits and litigation ensues to resolve the dispute, the employee shall be awarded reasonable attorney fees from the party held liable for benefits; however the employee should not be awarded fees simply by naming the prior employer in his petition).

2. That subdivision provides that "[t]he determiner of attorney fees in each case must personally see that the workers' compensation file contains fully adequate information to justify the fee that is determined." Minn.Stat. § 176.081, subd. 5(g) (1984).

3. Minn.Stat. § 176.081, subd. 5(d) provides: