Bret R. OWENS, deceased employee,
by Karen OWENS, Respondent,

v.

WATER GREMLIN COMPANY
and Western National Mutual
Insurance Co., Relators.

No. C4–99–1519.

Supreme Court of Minnesota.

Feb. 17, 2000.

Aafedt, Forde, Gray & Monson, P.A., Mary Hager, Krista L. Twesme, Minneapolis, for appellant.

Miller & Hipp, P.L.L.P., Lawrence C. Miller, Minneapolis, for respondent.

## OPINION

GILBERT, Justice.

This workers' compensation case involves the claims of a surviving spouse, Karen Owens, and her two minor, dependent sons to vested but unpaid permanent partial disability (PPD) benefits awarded as a result of a work-related injury to the deceased employee, Bret Owens. The 1995 amendments to the workers' compensation statutes determine the right to payment in this case because it is the employee's date of death that is the relevant date for determining benefits for dependents or potential heirs. Minnesota Statutes §§ 176.021, subd. 3 and 176.101 (1998) are the relevant statutes. Minnesota Statutes § 176.021, subd. 3 vests PPD benefits in the injured employee at the time the disability is ascertained, provided the employee lives for 30 days beyond the date of injury. These requirements are met in this case. The statute also provides that "[u]pon the death of an employee who is receiving economic recovery compensation or impairment compensation, further compensation is payable pursuant to section 176.101." Minn.Stat. § 176.021, subd. 3.

Minnesota Statutes § 176.101, subd. 2a (1998) specifies the amount, manner, and timing of payments but does not direct to whom those benefits are payable. We must decide whether the current statutory scheme directs payment of vested but unpaid PPD payments posthumously to a surviving dependent spouse and children. We conclude that it does and, therefore, affirm the Workers' Compensation Court of Appeals (WCCA).

The parties have stipulated to all of the relevant facts. On February 26, 1995, Bret R. Owens (employee) sustained an anoxic ischemic brain injury that arose out of and in the course of his work activity for Water Gremlin Company (employer) when he suffered a crush injury to his chest while pinned against a wall by a robot arm. The work injury resulted in a 99.93% permanent partial disability to the body as a whole. The employer was insured for workers' compensation liability by Western National Mutual Insurance Company (insurer). The employer and insurer admitted liability for the injuries and paid concurrent PPD and temporary total disability (TTD) benefits from February 27, 1995 until May 28, 1996 when the employee died as a result of the work injury. Both payments were made at a compensation rate of $516.60 per week. The employee was 34 years old at the time of his death and is survived by his wife, Karen Owens (respondent), and two dependent sons.

Upon the death of the employee, employer and insurer discontinued TTD and PPD payments and commenced paying weekly dependency benefits to and on behalf of the respondent and the two dependent sons. On January 30, 1998, respondent asserted claims for benefits including payment of the remaining PPD benefits.[1]

---

1. It is undisputed that had the employee lived, the employer would have a continuing obligation to pay weekly PPD benefits until a total of $399,720 had been paid. See Minn.Stat. § 176.101, subd. 2a (pursuant to the formula: $400,000 × 99.93% = $399,720). Because the employee had been paid only $33,579 of his award by the time of his death, the

The insurer denied liability for payment of the remaining PPD benefits. The dispute was submitted to a compensation judge of the Office of Administrative Hearings on stipulated facts and trial memoranda. In the interim, the parties entered into a Partial Stipulation for Settlement and Partial Award on Stipulation on October 21, 1998, in which the parties resolved all claims for workers' compensation benefits arising out of the employee's injuries and death, with the exception of the claims for PPD benefits.

On January 14, 1999, the compensation judge issued her Findings and Order wherein she denied respondent's claim for payment of the remaining PPD benefits and gave two reasons for her decision. The compensation judge concluded that where there is no explicit provision for payment of PPD benefits to dependents under the law in effect on the date of death, no benefits are payable. The compensation judge also believed that reduction of benefits was the general aim of the 1995 amendments.[2] Respondent appealed the decision and on August 6, 1999, the WCCA reversed the compensation judge's Findings and Order. The WCCA found a clear directive to continue payments in the statute and ordered payment of the remaining PPD benefits to the employee's dependents.

■ The single issue before this court is a question of law. When reviewing questions of law determined by the WCCA, we are free to exercise our independent judgment. *See Bruns v. City of St. Paul,* 555 N.W.2d 522, 525 (Minn.1996). We are guided by the statutory directive that all "workers' compensation cases shall be decided on their merits" and "all questions of law * * * shall be determined on an even-handed basis in accordance with the principles laid down in section 176.001." Minn. Stat. §§ 176.001, 176.021, subd. 1a (1998); *see also O'Malley v. Ulland Bros.,* 549 N.W.2d 889, 893 (Minn.1996) (even-handed approach appropriate).

■ The statutes at issue in this case, Minn.Stat. §§ 176.021, subd. 3 and 176.101, were both amended, with portions of 176.101 repealed, *after* the employee's injury but *prior* to his death. The rights of an injured employee to compensation and the extent of the liability of the employer are governed by the law in effect on the date of the employee's disabling injury. *See Broos v. Portec, Inc.,* 376 N.W.2d 688, 691 (Minn.1985). The rights of the employee's dependents or potential heirs, however, are separate inchoate rights and are governed by the law in effect on the date of the employee's death. *See Minogue v. City of St. Paul,* 320 N.W.2d 90, 91 (Minn. 1982); *Borchardt v. Biddick,* 306 N.W.2d 817, 818 (Minn.1981); *Lakics v. Lane Bryant Dep't Store,* 263 N.W.2d 608, 609–10 (Minn.1978); *Schwartz v. Talmo,* 295 Minn. 356, 360, 205 N.W.2d 318, 321 (1973). Therefore, Minn.Stat. §§ 176.021 and 176.101, as amended effective October 1995, determine the right to benefits at issue in this case.

Since 1929, we have had the opportunity to decide the issue of the survivability of PPD benefits a number of times under several different statutory schemes.

---

amount at issue is $366,141, payable at a weekly rate of $516.60 over a period of 13.6 years from and after May 28, 1996. *See id.*

**2.** The compensation judge found that the 1995 changes were intended to reduce, not expand benefits to employees. In fact, however, some benefits were increased, while others were decreased in the 1995 changes. *See, e.g.,* Minn.Stat. § 176.101, subd. 1(b)(1)

(1998) (increasing maximum compensation rate per week); Minn.Stat. § 176.101, subd. 4 (1998) (increasing the minimum compensation rate for permanent total disability); Minn.Stat. § 176.82 (1998) (creating a cause of action for an employee against an employer who unreasonably refuses to offer continued employment).

Sometimes these benefits continued after death and sometimes they did not. *See, e.g., Erickson v. Gopher Masonry, Inc.,* 329 N.W.2d 40 (Minn.1983); *Borchardt,* 306 N.W.2d at 817; *Umbreit v. Quality Tool, Inc.,* 302 Minn. 376, 225 N.W.2d 10 (1975); *Tierney v. Tierney & Co.,* 176 Minn. 464, 223 N.W. 773 (1929). However, we have not previously reviewed this statute, nor any other statute addressing survivability of PPD benefits and containing the "further compensation is payable" language like that in Minn.Stat. § 176.021, subd. 3.

Between October 1, 1979 and December 31, 1983, the legislature provided that PPD benefits were payable upon the death of the employee without regard to the cause of death. *See* Minn.Stat. § 176.021, subd. 3 (1982). The employee's dependents, or heirs if there were no dependents, could recover so long as the extent of the disability was "capable of ascertainment prior to the employee's death." *Erickson,* 329 N.W.2d at 43. Then, from January 1, 1984 until the current amendments became effective in October 1995, payment of economic recovery compensation or impairment compensation [3] ceased upon the death of an injured employee when that death resulted from the work-related injury. *See* Minn.Stat. § 176.101, subd. 3r(e) (1994) (repealed 1995). Pursuant to Minn. Stat. § 176.111 (1994) (repealed 1995), only death benefits were payable to dependents at that point.

The 1995 amendments repealed Minn. Stat. § 176.101, subd. 3r(e), eliminating the legislative directive that "payment of economic recovery compensation or impairment compensation shall cease upon the [work-related] death" of the employee.

*See* Act of May 25, 1995, ch. 231, art. 1, § 36, 1995 Minn. Laws 1998–99 (effective January 1, 1996); *see also* Act of May 25, 1995, ch. 231, art. 1, §§ 14, 19, 1995 Minn. Laws 1984–85, 1989–90, *codified at* Minn. Stat. §§ 176.101, subd. 2a, 176.021, subd. 3 (1998) (effective October 1, 1995). Instead, Minn.Stat. § 176.021 now provides in part:

> The right to receive permanent partial compensation vests in an injured employee at the time the disability can be ascertained provided that the employee lives for at least 30 days beyond the date of the injury. Upon the death of an employee who is receiving economic recovery compensation or impairment compensation, *further compensation is payable pursuant to section 176.101.* Impairment compensation is payable under this paragraph if vesting has occurred, the employee dies prior to reaching maximum medical improvement, and the requirements and conditions under section 176.101, subdivision 3e, are not met.

Minn.Stat. § 176.021, subd. 3 (emphasis added).

The goal of all interpretation and construction of statutory language is to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1998). If the words of the statute are "clear and free from all ambiguity," further construction is neither necessary nor permitted. *Id.; see also State by Beaulieu v. RSJ, Inc.,* 552 N.W.2d 695, 701 (Minn.1996). It is a fundamental rule of statutory construction that words and phrases are to be construed according to their plain meaning. *See* Minn.Stat. § 645.08(1) (1998).

Minnesota Statutes § 176.021, subd. 3 imposes three conditions before further

---

**3.** "Economic recovery compensation" and "impairment compensation" were the names given to permanent partial disability benefits under the so-called "two-tier" permanency system enacted in 1983. With the repeal of the two-tier system in 1995, all references to economic recovery and impairment compen- sation in the workers' compensation code were either repealed or renamed as permanent partial compensation with the exception of the references in Minn.Stat. §§ 176.021, subd. 3 and 176.179 (1998) (dealing with recovery of overpayment of benefits).

compensation is payable. These preconditions include the ascertainment of the disability, the determination that the injured employee lived at least 30 days beyond the date of the injury, and the establishment of the fact that the employee was receiving economic recovery compensation or impairment compensation payments at the time of his death. The parties stipulated that the employee sustained a 99.93% permanent impairment, lived approximately 15 months after sustaining his work-related injury and was receiving PPD payments from February 27, 1995, the day after his injury, through May 28, 1996, the date of his death.

■ Because the employee had met all of the preconditions, we next interpret the phrase *"further compensation is payable* pursuant to section 176.101." Minn.Stat. § 176.021, subd. 3 (emphasis added). Relators contend that "further compensation" only refers to accrued but unpaid benefits. However, when we define the word "further" according to its common meaning, we conclude that we must reject relators' argument. *Webster's Third New International Dictionary* 924 (1993) defines the word "further" as "in addition" or as "going or extending beyond what exists." Minnesota Statutes § 176.021, subd. 3 indicates that PPD benefits are "payable for functional loss of use or impairment of function, permanent in nature, and payment therefore *shall be separate, distinct, and in addition to payment for any other compensation,* subject to section 176.101." (Emphasis added.) Minnesota Statutes § 176.101, subd. 2a(b) prohibits concurrent payment of PPD and TTD payments but no limitation is placed on concurrent payment of PPD and dependency benefits. Finally, the statute provides that "further compensation is payable" after the death of an employee "who *is receiving* " PPD benefits at the time of his death. Minn. Stat. § 176.021, subd. 3 (emphasis added). Thus, the compensation payable after

death must be something more than just that weekly payment which was owed to and not received by the employee during his life. *See generally* Minn.Stat. § 176.101, 2a(b). Therefore, in order to give meaning to the word "further" within Minn.Stat. § 176.021, subd. 3 and the legislative directive that payments are "in addition to payment for any other compensation, subject to section 176.101," we hold that the benefits payable after death under this section must refer to the total vested but unpaid PPD benefits, not simply accrued but unpaid PPD benefits.

Minnesota Statutes § 176.021, subd. 3 directs that such posthumous payment be made "pursuant to section 176.101." In turning to Minn.Stat. § 176.101, we find no restriction on the payment of benefits posthumously. Such restrictions were repealed in 1995. Instead, Minn.Stat. § 176.101 is limited to discussing the manner, calculation and timing of payments. *See* Minn.Stat. § 176.101, subds. 2a(a)-(b).

■ Relators argue that this interpretation could lead to absurd results and contrast the statute as it is now written with how it was written before the 1995 amendments. To support their argument, relators point to Minn.Stat. § 645.17(1) (1998), which provides that "[t]he legislature does not intend a result that is absurd, impossible of execution, or unreasonable." Our role in interpreting statutes is to look at the language of the statute before us and where that language is clear, as it is here, we must not engage in any further construction. Minnesota Statutes § 645.16 (1998) directs courts to follow the letter of the law where they find that the language is clear. Only where the language is ambiguous may courts consider other matters such as the "former law" on the subject and "contemporaneous legislative history." Minn.Stat. § 645.16(5), (7) (1998). Additionally, relators neither cited nor submitted any legislative history to support their contentions.

We hold that the plain meaning of the "further compensation is payable" language of Minn.Stat. § 176.021, subd. 3 directs further payments of vested PPD benefits after the death of the employee. Like the WCCA, we conclude that the logical recipients of such benefits in this case are Karen Owens and her two dependent children.

Respondent is awarded $800 in attorney fees.

Affirmed.