**AMCO INSURANCE COMPANY,**
Respondent,

v.

**INDEPENDENT SCHOOL DISTRICT**
**# 622, Appellant.**

No. C3–00–2104.

Court of Appeals of Minnesota.

May 22, 2001.

George C. Hottinger, Erstad & Riemer, P.A., Minneapolis, for respondent.

Kay Nord Hunt, Reid R. Lindquist, Sheila A. Bjorklund, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for appellant.

Considered and decided by LANSING, Presiding Judge, SCHUMACHER, Judge, and ANDERSON, Judge.

## OPINION

LANSING, Judge

In a declaratory judgment action to establish priority for payment of no-fault benefits, Independent School District # 622 appeals the district court's summary judgment establishing the school district's priority over an injured bicyclist's insurer. Because the school bus is exempt from the priority level established for vehicles used in the business of transporting persons or property, we reverse and remand.

## FACTS

In September 1993, bicyclist Michael Kell collided with a school bus owned by the school district. At the time of the accident, the school bus was transporting students. The bus was self-insured by the school district.

Amco Insurance Company insured the bicyclist as a resident relative under a personal auto policy. Amco paid approximately $20,000 in no-fault benefits to the bicyclist and then brought this declaratory judgment action seeking a declaration that the school district had first priority for payment of no-fault benefits to the bicyclist under Minn.Stat. § 65B.47, subd. 3 (1992). The school district disputed its priority, contending that school buses are exempt from the business-priority provisions under section 65B.47, subdivision 1a (1992).

On cross-motions for summary judgment, the district court granted summary judgment against the school district and ordered judgment for Amco totaling $40,089.14 in no-fault benefits and statutory interest. This appeal followed.

1. The accident occurred in September 1993; therefore, priority is determined under the

## ISSUE

In a collision between a bicyclist and a school bus transporting school children, which insurer has priority for payment of the bicyclist's no-fault benefits?

## ANALYSIS

When a motor-vehicle accident occurs in this state, injured persons have a right to no-fault benefits for their economic loss. Minn.Stat. § 65B.46, subd. 1 (2000). The No–Fault Act provides a formula to determine which no-fault insurer has priority for payment of no-fault benefits. Minn. Stat. § 65B.47 (1992).[1]

Generally, injured persons look to their own personal auto insurers for no-fault benefits. *Id.,* subd. 4. But when the character or use of an involved vehicle is for business purposes, the priority for payment of no-fault benefits shifts to the insurer of the business vehicle. *Id.,* subds. 1–3. These circumstances include accidents in which a non-occupant of a motor vehicle, such as a bicyclist, sustains injuries that arise out of the maintenance or use of the business vehicles defined in the no-fault priority provisions:

> Subd. 3. In the case of any other person *whose injury arises from the maintenance or use of a motor vehicle described in subdivision 1 or 2* who is not a driver or occupant of another involved motor vehicle, the security for the payment of basic economic loss benefits is the security covering the vehicle, or if none, the security under which the injured person is an insured.

*Id.,* subd. 3 (emphasis added). Both parties stipulate that the school bus is not a motor vehicle described in subdivision 2. Therefore, the narrow issue is whether the

provisions in the 1992 statute.

school bus is a "motor vehicle described in subdivision 1" of the no-fault priority provisions. Subdivision 1 designates priority for drivers or occupants of vehicles used for business purposes:

> Subdivision 1. In case of injury to the driver or other occupant of a motor vehicle, if the accident causing the injury occurs while the vehicle is being used in the business of transporting persons or property, the security for payment of basic economic loss benefits is the security covering the vehicle or, if none, the security under which the injured person is an insured.

> Subd. 1a. **Exemptions.** Subdivision 1 does not apply to:

> (1) a commuter van;

> (2) a vehicle being used to transport children as part of a family or group family day care program;

> (3) a vehicle being used to transport children to school or to a school-sponsored activity; or

> (4) a bus while it is in operation within the state of Minnesota as to any Minnesota resident who is an insured as defined in section 65B.43, subdivision 5.

*Id.*, subd. 1.

■ "The appropriate source of coverage for an injured person is located by simply dropping through the priorities until the applicable source of coverage is discovered." Michael K. Steenson, 1 *Minnesota No–Fault Automobile Insurance* 125 (2d ed.1989). Once the proper priority level is identified, the injured person is not permitted to recover further no-fault benefits on a lower priority level. *Murphy v. Milbank Mut. Ins.*, 320 N.W.2d 423, 425 (Minn.1982). Therefore, if the circumstances of this accident fit the requirements of the subdivision 3 priority provisions, then the school district would have priority for payment of no-fault benefits. If, however, the circumstances do not fit the subdivision 3 requirements, then the proper priority level is determined under subdivision 4(a), which would assign priority to Amco.

■ The school district claims that the circumstances of this accident do not meet the requirements of subdivision 3 because its school bus is not a "motor vehicle described in subdivision 1." Although the school bus was "being used in the business of transporting persons" at the time of the accident, subdivision 1a exempts vehicles transporting school children. Minn.Stat. § 65B.47, subd. 1a. Thus subdivision 1 does not apply to a school bus. The school district maintains that the exemption language in subdivision 1a is incorporated into subdivision 1 for purposes of determining whether a school bus is a "motor vehicle described in subdivision 1" to trigger coverage under subdivision 3. Amco disputes this construction of subdivision 1a and maintains that the school district, in the business of transporting people, has priority.

■ Interpretation of a statute is a question of law subject to de novo review. *Meister v. Western Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn.1992). If the words of the statute are clear and free from all ambiguity, further construction is neither necessary nor permitted. *Owens v. Water Gremlin Co.*, 605 N.W.2d 733, 736 (Minn.2000). If, on the other hand, the words of the statute are not explicit and more than one reasonable interpretation is possible, the statute must be judicially construed. *See Abrahamson v. Abrahamson*, 613 N.W.2d 418, 421–22 (Minn.App.2000) (citing Minn.Stat. § 645.16 (2000)).

We agree with the school district that the plain language of the statute is controlling. Under the plain language, the school bus cannot be a "motor vehicle described in subdivision 1" to trigger coverage under

subdivision 3 because the bus is exempted from subdivision 1 by virtue of subdivision 1a. Thus, the trial court erred in granting summary judgment in favor of Amco.

Although the plain language of the statute mandates this result, the plain meaning is also consistent with the legislative history and general policies underlying no-fault coverage. As originally enacted, the No–Fault Act did not exempt any vehicles from subdivision 1, that is, from being considered a vehicle "being used in the business of transporting persons or property." Minn.Stat. § 65B.47, subd. 1 (1974). In 1976, subdivision 1 was amended to include certain exemptions in the body of the subdivision 1 text. *See* Minn.Stat. § 65B.47, subd. 1 (1976). As the number of exemptions increased, the legislature apparently decided to list all of the exemptions in subdivision 1a. *See* Minn.Stat. § 65B.47, subd. 1 (1990). But this consolidation does not change the limiting effect that subdivision 1a has upon subdivision 1. Furthermore, we can perceive no logical or supportable reason why the legislature, when deciding whether a school-bus insurer should bear first priority for no-fault coverage, would treat school-bus occupants in a manner different from non-occupants struck by school buses.

### DECISION

We reverse the judgment against the school district and remand for entry of judgment against Amco.

**Reversed and remanded.**