**In re Matter of PETITION OF ATTORNEY FEES AND PARTIAL REIMBURSEMENT FOR ATTORNEY FEES PURSUANT TO M.S. 176.081.**

**David W. MACK, Relator,**

v.

**CITY OF MINNEAPOLIS, Self-Insured, Respondent.**

**No. CO–82–357.**

Supreme Court of Minnesota.

June 22, 1984.

---

John D. Mariani, Barbara L. Heck, Minneapolis, for appellant.

Robert J. Alfton, City Atty., J. David Abramson, Asst. City Atty., Minneapolis, for respondent.

John H. Hinderacker, Richard T. Thomson, Minneapolis, for amicus curiae.

TODD, Justice.

John Mariani, attorney for David W. Mack, appeals from the order for allowance of attorneys fees filed by the Workers' Compensation Court of Appeals (WCCA). This matter was before this court previous-

ly in *Mack v. City of Minneapolis,* 333 N.W.2d 744 (Minn.1983) and remanded. On remand, findings of fact were made and the original amount of attorney fees of $25,000 was ordered. We reverse and remand with instructions.

In *Mack v. City of Minneapolis,* we discussed in detail the validity of the statute allowing the Workers' Compensation Court of Appeals to consider and make awards of attorney fees in compensation cases. We there held that there were no findings of fact to support an allowance of attorney fees of $25,000, less the $5,000 already paid to Mack's attorney. In a concurring opinion this writer noted that in his opinion the fees set by the Court of Appeals were grossly inadequate.

On remand, a compensation judge set forth findings of fact and then reasserted the same fee allowance. We find the award of fees in this case to be inadequate and arbitrary and capricious.

First we briefly review the task undertaken by the attorney in representing David Mack, a Minneapolis police officer who was shot in 1979 while executing a search warrant. Mack's injuries caused vomiting which obstructed his air passage, resulting in severe brain damage. His attorney successfully proved that Mack had not suffered brain death. Therefore, injury to the brain was not the sole compensable injury and Mack received permanent partial disability benefits for loss of each bodily function controlled by the brain.

In reviewing the Court of Appeals' findings we note preliminarily that Mack's wife originally signed a retainer agreement providing for a 25% contingent fee. David Mack has not objected to the allowance of attorney fees of $80,000 as petitioned for by Mariani.

■ In finding $20,000 to be a reasonable attorney fee, the compensation judge applied the factors set forth in Minn.Stat. § 176.081 (1982). The purposes of the statute are both to protect compensation claimants from excessive legal charges and to ensure that their counsel receive reasonable fees for their services. *Matter of Attorneys' Fees (Rock v. Bloomington School Dist.),* 269 N.W.2d 360, 363 (Minn. 1978). Subdivision 5 of the section sets forth principles to be applied in determining the reasonable value of attorney fees:

(a) The fee in each individual case must be a reasonable one.

(b) There is no set standard fee to be awarded in any workers' compensation matter.

(c) No attorney-client fee contract or arrangement is binding in any workers' compensation matter.

(d) In determining a reasonable attorney fee, important factors to be taken into account are: the amount involved, the time and expense necessary to prepare for trial, the responsibility assumed by counsel, the expertise of counsel in the workers' compensation field, the difficulties of the issues involved, the nature of proof needed to be adduced and the results obtained. The amount of money involved shall not be the controlling factor.

(e) the determination of the fee in each specific workers' compensation matter must be done with the same care as the determination of any other fact question in the matter.

(f) The determiner of the attorney fee in each matter must ascertain whether or not a retainer fee has been paid to the attorney and if so, the amount of the retainer fee.

(g) The determiner of attorney fees in each case must personally see that the workers' compensation file contains fully adequate information to justify the fee that is determined.

In this case the judge made findings concerning the factors set forth in subdivision 5(d). Review of them is not easy since, as this court pointed out in *Rock,* the factors are both objective and subjective in nature.

■ The compensation judge gave no weight to the first factor: *the amount of benefits involved.* The judge acknowledged the large amount of the final award

—$712,000—but essentially found that to be of no consequence since it merely reflected the extent of Mack's disabilities. The finding states, "The amount involved is large because the amount of permanent partial disability sustained by the employee is large." While the court recognizes that the amount involved is not controlling, it is nevertheless important since it bears on the extent of the responsibility the attorney has assumed.

■ The compensation judge erroneously discounted this factor and failed to consider it apart from other factors, namely, the difficulty of the issues and the nature of the proof needed to be adduced.

Specifically, the judge stated that "no particular weight" should be given the amount involved "since permanent partial benefits for each nonfunctioning member or organ necessarily follows a determination that the functional loss stems from injury to the brain." While this is true, the court apparently ignored the fact that Mariani was required to, and did, establish that employee had suffered injury to his brain rather than brain death.

Dr. Cranford, employee's neurologist, notified Mariani on August 15, 1980, that permanent partial disabilities of employee's voice mechanism and hearing could be proved, that it had been decided to remove him from life support systems on August 18, and that Cranford did not know whether employee would live more than a short time once that was done. Mariani immediately contacted Compensation Judge Hanson and moved for permission to take the deposition of Dr. Cranford on August 18. The motion was granted and the deposition was taken. On the same day the city filed its appeal from Judge Hanson's decision, and Mariani moved the WCCA to accept the deposition of Dr. Cranford as additional evidence. Although employee did in fact survive and later made some totally unexpected improvement, Mariani's prompt action was obviously in his client's best interest and resulted in an increase of the permanent partial disability award to $712,000.

The court apparently gave no consideration to this fact. It would seem that the attorney's efforts in obtaining the additional award merited giving additional weight to the amount factor.

From the standpoint of the dual purposes of the statute, it also seems fair to accord greater significance to the amount involved because doing so will not work hardship on the employee. If the total fee of $25,000 were permitted to stand, Mariani would receive only 3.5 percent of the employee's recovery. Cf. Saari v. McFarland, 319 N.W.2d 706 (Minn.1982), in which this court said that a requested fee of $15,000, 7.5 percent of the maximum possible recovery and more than 9.5 percent of the recovery if the employee's dependent child lived to 18, appeared to be reasonable, and Kahn v. State, University of Minnesota, 327 N.W.2d 21 (Minn.1982), in which this court held that a requested attorney fee of $68,717, representing 7 percent of a conservative estimate of the employee's potential recovery and about 1½ percent of the highest estimated recovery, was reasonable. While other factors entered into the reasonableness of the fees in Saari and Kahn, it would seem that the importance of the amount involved in this case was underrated. The fee we approve of, $55,000, represents 7 percent of Mack's final award including interest.

■ With respect to *time and expense necessary to prepare for trial*, the Compensation Court gave "moderate weight to this factor."[1] It considered the recorded 66.25 hours spent in trial preparation "high in view of the limited issues involved." It is true that the employee sought only permanent partial disability and proof of his various disabilities was not difficult because the city had no medical evidence to refute Dr. Cranford's testimony. Still there were a number of disabilities and it was necessary to prove them. Moreover, initially the city also denied primary liability, necessitating investigation and prepara-

1. Mariani gave no information about the ex- pense of preparing for trial.

tion of witnesses.[2] The record does not compel an inference that the time spent in preparation for trial was excessive.

The court also found that the time spent in preparing and reviewing briefs was "out of proportion to the scope of either brief." That time was 31 hours and does seem high since each brief was approximately ten pages and both discussed cases with which Mariani appeared to be familiar during the compensation hearing. On the whole, there does not seem any reason to assign greater weight to the time and expense necessary to prepare for trial than the moderate weight the court gave it.

■ With respect to the *expertise of counsel and the responsibility assumed,* the court stated that it gave "moderate weight" to these factors also. The court recognized that Mariani is experienced and has demonstrated expertise in workers' compensation matters. It also recognized that Mariani had requested and obtained a prompt determination of the issues involved in the case, certainly an important responsibility in view of the employee's extensive disabilities and uncertain length of life. That responsibility was discharged well since employee's claim petition was filed on March 12, 1980, the matter heard and decided by the compensation judge by July 1, 1980, and the decision affirmed by the WCCA on December 19, 1980. As stated earlier, Mariani also moved with dispatch to ensure proof of the additional disabilities when the WCCA was to consider the appeal. It can be argued that in the circumstances of this case, the responsibility he accepted should have been accorded greater weight.

With respect to the *difficulty of the issues and the nature of proof needed,* the court characterized the issues as "serious but ill-contested and unrefuted by the employer." Whether the employer vigorously contests the issues does not bear on the difficulty and importance of the novel medical and legal questions surrounding the

determination of whether brain damage or brain death occurred. Refuting the employer's stance required medical proof that was difficult to obtain because of Mack's unstable medical condition. However, once it was established that employee was not brain dead, the other issues concerning his claimed permanent partial disabilities and the applicability of the simultaneous injury factor were controlled by *Tracy v. Streater/Litton,* 283 N.W.2d 909 (Minn.1979) and *Lerich v. Thermo Systems, Inc.,* 292 N.W.2d 741 (Minn.1980). The issues were not as complex, nor was their proof as difficult, as was the case in *Saari, Kahn,* and *Lennartson v. Fairway Foods, Inc.,* 310 N.W.2d 673 (Minn.1981). The assignment of "moderate weight" to these factors does not seem unreasonable.

With respect to the *results obtained,* the court felt that the weight attached to this factor should be made more moderate since the permanent partial disability benefits obtained were mandated by *Tracy* and primary liability was eventually admitted. However, in this case, as in *Saari* and *Kahn,* the result could hardly have been more favorable to the employee. Given that fact and the recognition in section 176.081, subd. 5(d) that the amount of recovery is one of the "important factors to be taken into account," the weight given the results by the court seems inadequate.

■ Mariani has requested fees in the amount of $80,000 which would be approximately 15% of employee's recovery. In some cases this could be justified. The United States Supreme Court in the case of *Hensley v. Eckerhart,* —— U.S. ——, ——, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) stated:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.

2. At the hearing on May 21, 1980, the city's attorney said he had told Mariani on May 12 that the city would not deny primary liability.

Mariani did not so understand and claimed that he was under the impression it would be necessary to establish that liability. (T.8–9).

In this case, Mariani's prompt action at the time of Mr. Mack's removal from the life support systems resulted in increasing his compensation benefits substantially. Thus whether one reexamines all of the detailed submission for time spent and amounts charged, or considers the attorney's alertness in increasing his client's benefits, an award of additional attorney fees in the amount of $50,000 is justified.

The matter is remanded with instructions to enter an order awarding to John Mariani attorney fees in the amount of $55,000 less the sum of $5,000 previously paid.