*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0378**

Marie Delores Green,
Respondent,

vs.

BMW of North America, LLC,
Appellant.

**Filed November 10, 2014
Affirmed as modified
Kirk, Judge**

Hennepin County District Court
File No. 27-CV-08-29818

Todd E. Gadtke, Daniel Brennan, Gadtke Law Firm, P.A., Maple Grove, Minnesota (for respondent)

Katherine A. McBride, Lenae M. Pederson, Meagher & Geer, PLLP, Minneapolis, Minnesota; and

Timothy V. Hoffman, Sanchez Daniels & Hoffman LLP, Chicago, Illinois (for appellant)

Considered and decided by Kirk, Presiding Judge; Hudson, Judge; and Stoneburner, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KIRK**, Judge

On appeal from the district court's statutory attorney-fee award following remand from the Minnesota Supreme Court, appellant argues that the district court erred by: (1) placing the burden of proof on appellant to demonstrate that the requested fees were unreasonable; (2) considering appellant's profitability and its decision to defend respondent's original claim in determining the reasonableness of attorney fees; (3) failing to consider appellant's evidence when calculating the amount of attorney fees; and (4) awarding respondent additional attorney fees incurred on remand. We affirm as modified.

## FACTS

This is the second appeal in this matter arising from an award of attorney fees following litigation under Minnesota's lemon law, Minn. Stat. § 325F.665 (2012). In 2007, respondent Marie Delores Green leased a new BMW 328xi from appellant BMW of North America, LLC. Green later sued BMW under Minnesota's lemon law and the federal Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (2006), after BMW was unable to resolve several problems with the vehicle. Following a four-day bench trial, the district court issued a verdict in Green's favor on all claims and awarded Green $25,157 in damages under Minnesota's lemon law.

After the trial, Green moved for an award of attorney fees and litigation costs under the lemon law and the Magnuson-Moss Warranty Act. Green sought $231,101 in attorney fees (consisting of 605.8 attorney hours at a rate of $350 or $375 per hour and

10.4 paralegal hours at a rate of $165 per hour) and $7,565 in litigation costs. BMW opposed Green's motion, arguing that both the hours billed and the hourly rates were unreasonable in light of the type of litigation and the amount of damages involved. BMW suggested an award of around $75,000.

The district court awarded Green's counsel $221,499 in attorney fees and $7,565 in litigation costs for a total award of $229,064. In doing so, the district court reduced the paralegal billing rate from $165 to $80 per hour, but made no other reductions in hourly rates or the number of hours billed. The district court specifically found that the attorney rates of $350 and $375 per hour were reasonable and that the hours spent on litigation were also reasonable. The district court also concluded that Green was entitled to recover attorney fees under the Magnuson-Moss Warranty Act, but declined to award such fees because Green had recovered reasonable fees under Minnesota's lemon law.

BMW appealed both the judgment against it and the award of attorney fees. This court unanimously affirmed BMW's liability under Minnesota's lemon law and the Magnuson-Moss Warranty Act, but was divided in affirming the attorney-fee award. *Green v. BMW of N. Am., LLC*, No. A11-0581 (Minn. App. Dec. 19, 2011), *rev'd*, 826 N.W.2d 530 (Minn. 2013).

The Minnesota Supreme Court granted BMW's petition for review "on the issue of whether courts are to consider the relationship between the amount of attorney fees claimed and the amount of the claimant's damages when determining a statutorily reasonable fee award." *Green v. BMW of N. Am., LLC*, 826 N.W.2d 530, 534 (Minn.

3

2013).[1]  The supreme court held that, "when assessing requests for attorney fees under Minnesota's lemon law, district courts should adhere to the lodestar method." *Id.* at 536. Under the lodestar method, a district court "must first determine the number of hours reasonably expended on the litigation and then multiply those hours by a reasonable hourly rate." *Id.*  In making this calculation, a district court "should consider all relevant circumstances," including "the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and the fee arrangement existing between counsel and the client." *Id.* (quotations omitted).  The supreme court remanded for the district court to consider the amount involved in the litigation and the results obtained, which it had not considered when originally awarding attorney fees. *Id.* at 539.  The supreme court directed the district court to "not only make a decision on the claim but provide a concise but clear explanation of its reasons for the fee award." *Id.* at 539 n.8 (quotations omitted).

On remand, the district court conducted a hearing at which the parties presented arguments and additional evidence and ordered each party to submit proposed findings of

---

[1] The supreme court declined to address BMW's argument concerning the reasonableness of the attorney billing rates and the hours billed because BMW did not raise this issue in its petition for review. *Green*, 826 N.W.2d at 539 n.8.  BMW also did not appeal the reasonableness of the litigation costs. *Id.* at 534 n.2.

fact, conclusions of law, and orders.[2]  Green requested $227,314.90 in original attorney fees and costs (subtracting five hours of attorney fees at a rate of $350 per hour from the district court's original award) and $21,432.50 in attorney fees and $111.00 in litigation costs, both incurred on remand, for a total award of $248,858.40.  In contrast, BMW proposed an award of $97,395 in attorney fees (allowing 428.6 attorney hours at a rate of $225 per hour and 9.6 paralegal hours at a rate of $100 per hour) with no fees awarded for the remand.[3]

The district court issued a lengthy order, stating that it had considered "all of the relevant factors in this case, including the amount involved and the results obtained" and had concluded that both the hours billed and the hourly rates by Green's attorneys were reasonable.  Therefore, the district court awarded Green's counsel the same amount it awarded in its first order—$229,064.90[4]—plus $21,543.50 in attorney fees and litigation costs incurred on remand for a total award of $250,608.40.

On appeal to this court, BMW requests a modified affirmance, awarding $97,395 in attorney fees to Green's counsel (as it proposed to the district court) plus interest with no award of attorney fees or costs incurred on remand.  BMW does not challenge the $7,565.40 that the district court awarded in litigation costs on the original action.

---

[2] Later, the district court ordered BMW to submit certain information regarding its history and finances.  But this court granted BMW's motion for expedited consideration and ordered that BMW was not required to provide this information because it was not relevant to the calculation of reasonable attorney fees.  *Green v. BMW of N. Am., LLC*, No. A13-1519 (Minn. App. Aug. 28, 2013) (order).

[3] BMW acknowledges that its proposed findings incorrectly calculated its proposed award as $95,730.

[4] The district court's first order did not include cents so the numbers are slightly different.

## D E C I S I O N

"Generally, we review an award of attorney fees for an abuse of discretion." *Milner v. Farmers Ins. Exch.*, 748 N.W.2d 608, 620 (Minn. 2008). A district court abuses its discretion when it "errs as a matter of law in applying improper standards in an award of fees." *Green*, 826 N.W.2d at 534-35 (quotation omitted). But "[t]he reasonableness of the hours expended and the fees imposed raise questions of fact, and the district court's findings will be reversed only if they are clearly erroneous." *City of Maple Grove v. Marketline Constr. Capital, LLC*, 802 N.W.2d 809, 819-20 (Minn. App. 2011).

## I.     The district court did not impermissibly shift the burden of proof to BMW.

Under Minnesota's lemon law, a prevailing consumer may "recover costs and disbursements, including reasonable attorney's fees incurred in the civil action." Minn. Stat. § 325F.665, subd. 9. When evaluating a request for attorney fees, the district court applies the lodestar method. *Green*, 826 N.W.2d at 536. Under the lodestar method, the district court must first determine the number of hours reasonably expended on the litigation and then multiply those hours by a reasonable hourly rate. *Id.* In making this calculation, the district court "should consider all relevant circumstances," including "the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and the fee arrangement existing between counsel and the client." *Id.* (quotations omitted).

6

BMW argues that Green bears the burden to prove that the requested fees are reasonable and that the district court impermissibly shifted Green's burden to BMW. But the lodestar analysis does not place the burden of proof on either party. Instead, it requires the district court to consider all relevant circumstances. *See Milner*, 748 N.W.2d at 621-24 (explaining the factors to consider in a lodestar analysis without any discussion of a burden of proof and remanding after the district court did not consider one important factor). "There is a strong presumption that the lodestar amount represents a reasonable fee." *Id.* at 624. Therefore, when one party requests an upward adjustment from the lodestar amount, that party bears the burden to show that an upward adjustment is reasonable. *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 898, 104 S. Ct. 1541, 1548 (1984)). Here, neither party requests a fee amount that differs from a presumably reasonable lodestar calculation. BMW merely requests a decrease in the number of hours and the hourly rate used in the lodestar analysis. *See Green*, 826 N.W.2d at 535. Therefore, neither party bears the burden of proof under Minnesota's lodestar analysis.

In addition, the district court did not clearly place the burden of proof on BMW. In its order awarding attorney fees, the district court specifically discussed five of BMW's objections to the hours billed by Green's attorneys. In discussing two of those objections, the district court stated that BMW had not provided sufficient evidence to conclude that the hours billed were unreasonable. *See Cont'l Cas. Co. v. Knowlton*, 305 Minn. 201, 212, 232 N.W.2d 789, 796 (1975) ("The burden of proving that a fee charged by an attorney is unconscionable or unreasonable rests upon the party asserting it."). But the district court also explained that "[Green's] attorneys have met their burden of proof

7

for legal fees." And after the district court quoted *Knowlton* in its conclusions of law, it stated both that BMW had failed to meet its burden and that Green had provided sufficient evidence to substantiate her fee request. Therefore, the district court appears to have placed the burden of proof on *both* parties.

Because the lodestar analysis does not place the burden of proof on either party, the district court erred in citing *Knowlton*, which involves a contract dispute between a client and his attorney. *See id.* at 205, 232 N.W.2d at 793. But any error was harmless because a close reading of the district court's order reveals that the district court placed the burden of proof on both parties, expecting each to prove its position. And the district court ultimately concluded that the hours billed, the hourly rates, and the amount claimed were reasonable without referencing a burden of proof. There is no evidence that BMW was prejudiced by the district court's citation to *Knowlton*. *See Loth v. Loth*, 227 Minn. 387, 392, 35 N.W.2d 542, 546 (1949) ("[W]e do not reverse unless there is error causing harm to the appealing party. In other words, error without prejudice is not ground for reversal." (quotation omitted)).

Because the district court conducted a lodestar analysis and used language suggesting that both parties bore some burden of proof, we do not agree with BMW that the district court impermissibly shifted the burden of proof to it to show that the requested fees were unreasonable.

**II. The district court did not erroneously consider BMW's profitability and its decision to defend Green's original claim when awarding attorney fees.**

BMW argues that the district court erroneously considered both its profitability and its decision to defend Green's original claim, two factors that are not included in the list of relevant lodestar factors. *See Green*, 826 N.W.2d at 536. BMW points to statements that the district court made at the motion hearing, referring to BMW as a "deep-pocket party" and stating that "we went to trial without an offer ever being tendered [by BMW]." After the motion hearing, the district court ordered BMW to submit certain information regarding its history and finances. We granted BMW's motion for expedited consideration and ordered that BMW was not required to provide this information because it was irrelevant to the calculation of reasonable attorney fees. *See id.* But, even after receiving our order that BMW's financial information was irrelevant, the district court commented in its order that BMW was "one of the most profitable and pervasive auto manufacturers in the world" and that BMW "knew the value of this case from the very beginning and deliberately chose to defend its best-selling BMW 3-series car no matter what the cost."

We are troubled that the district court referenced BMW's profitability in light of our ruling that BMW's profitability is not relevant to the lodestar analysis. But a close reading of the district court's order reveals that the district court did not base its decision solely on BMW's profitability or choice to defend Green's lawsuit. The district court based its fee award on the factors relevant to a lodestar analysis, and offered speculation as to why BMW made the strategic decisions that it did. It even explained that "BMW is

9

entitled to defend claims against it with vigor." In addition, the district court's comments relate to its finding that "BMW's unwillingness to accept or acknowledge any liability was the primary factor driving up the legal fees from the beginning to date for this litigation." This finding pertains to considerations under the lodestar analysis, including "the time and labor required" and "the amount involved and the results obtained." *See id.* We conclude that the district court did not place an impermissible emphasis on BMW's profitability or decision to defend Green's lawsuit.

### III. The district court abused its discretion in failing to consider all of BMW's evidence and in awarding $221,499.50 in attorney fees.

BMW argues that the district court abused its discretion in awarding $221,499.50 in attorney fees for Green's original lawsuit. BMW challenges the reasonableness of both the number of hours billed and the hourly rates charged.

Regarding the hourly rates, both parties submitted evidence concerning the hourly rates of Green's attorneys and of other attorneys engaged in lemon-law litigation. The district court considered this evidence and concluded that the hourly rates of Green's attorneys were "reasonably tethered to current market conditions and to rates billed by other similarly situated attorneys." The district court stressed the importance of allowing consumers to hire competent legal representation, and explained that Green's attorneys "are highly competent, respected, and accomplished consumer protection lawyers." Finally, the district court concluded that "the hourly rates at issue in this instance [are] fair and reasonable after considering the amount involved, the time expended, the results obtained, and all other relevant factors in this case." *See id.* The district court therefore

conducted a proper analysis of the lodestar factors relating to the reasonableness of the hourly rates. Because the record supports the district court's determination that the hourly rates are reasonable, we decline to impose BMW's judgment that Green's attorneys are entitled to only $225 per hour.

But regarding the reasonableness of the hours billed, we conclude that the district court failed to follow the supreme court's directives on remand. "[D]istrict courts are given broad discretion to determine how to proceed on remand, as they may act in any way not inconsistent with the remand instructions provided." *State ex rel. Swan Lake Area Wildlife Ass'n v. Nicollet Cnty. Bd. Of Cnty. Comm'rs*, 799 N.W.2d 619, 631 (Minn. App. 2011) (quotation omitted). The supreme court instructed the district court to consider the amount of money involved in the litigation and the results obtained when awarding attorney fees and to "provide a concise but clear explanation of its reasons for the fee award." *Green*, 826 N.W.2d at 539 & n.8 (quotation omitted). The district court stated several times in its findings that it had considered the amount at issue and the results obtained. But this was only part of the supreme court's mandate.

As part of the evidence introduced on remand, BMW created a spreadsheet outlining 22 objections to the hours billed by Green's attorneys. Green responded to each of BMW's objections in her memorandum of law in support of her motion for attorney fees. But the district court discussed only five of BMW's 22 objections in detail. In doing so, the district court failed to provide "a concise but clear explanation of its reasons for the fee award," as instructed by the supreme court. *See id.* We conclude that the district court abused its discretion in failing to specifically address in its findings each of

11

BMW's objections because it did not properly provide a clear explanation for the reasonableness of the hours billed. *See Milner*, 748 N.W.2d at 620-21.

In addition, we conclude that the district court's finding regarding the reasonableness of one of the objections it actually considered is clearly erroneous. *See Marketline Constr. Capital, LLC*, 802 N.W.2d at 819-20 ("The reasonableness of the hours expended and the fees imposed raise questions of fact, and the district court's findings will be reversed only if they are clearly erroneous."). BMW challenged the 110.3 hours billed by Green's attorneys to prepare the proposed findings of fact and conclusions of law after the four-day trial. The district court found that "these hours were not unreasonable" because the resulting document was "very useful to the [c]ourt." But the lodestar analysis determines whether the number of hours expended is reasonable and necessary to the task based on "the nature and difficulty of the responsibility assumed" and "the amount involved and the results obtained." *See Green*, 826 N.W.2d at 536. It does not analyze whether a document is "useful to the court." Green's attorneys drafted the proposed findings after preparing for and conducting the trial, which necessarily involved analyzing the facts and law needed to prove Green's claims. Hence, this document repeats the findings and legal analysis presented at trial. Several paragraphs even match statements found in Green's complaint. In addition, the document contains numerous paragraphs which merely restate testimony given at the trial. The district court's finding that it was reasonable for Green's attorneys to spend 110.3 hours preparing this document is not supported by the record and is clearly erroneous. *See id.*

12

At the hearing on remand, the district court expressed reluctance to review BMW's evidence and list of objections. Besides the 110.3 hours billed to create Green's findings of fact and conclusions of law, the district court analyzed only a miniscule number of the hours BMW challenged in its order.[5] The district court provided only a conclusory statement that all of the other hours objected to by BMW were reasonable. As a result, the district court failed to provide a clear explanation for the reasonableness of the hours billed and failed to follow the supreme court's directions on remand. *See id.* at 539 n.8.

Green is correct that the supreme court did not expressly direct the district court to lower the amount of fees on remand. But our reading of the supreme court's decision leads us to conclude that it was concerned about the amount of the attorney-fee award. The supreme court cited cases in which it had altered fee awards in part based on the amount involved in the litigation. *See id.* at 537-38. And the supreme court explained that "statutory attorney fees should be adequate to attract competent counsel, but should not produce windfalls to attorneys." *Id.* at 538 (quotations omitted). The district court's award of attorney fees more than nine times greater than the underlying damages award results in a windfall for Green's attorneys. An award of this magnitude may also deter a future lemon-law defendant with a legitimate defense from proceeding to trial.

The supreme court also discussed the importance of "billing judgment," stating that "[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 538-39 (quotation omitted).

---

[5] By our calculation, the district court analyzed only 11.4 additional hours.

When awarding statutory attorney fees, a district court must exclude "excessive, redundant, or otherwise unnecessary" hours, "just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 539 (quotation omitted). We conclude that the district court abused its discretion in awarding $221,499.50 in attorney fees for this litigation, which was tried in four days and which, from the beginning, could only result in an award of around $28,000, because the award "relieve[d] [Green's] attorneys from the need to exercise [billing] judgment." *See id.*

We also note that Green reduced her claim for attorney fees on remand, but the district court rejected this reduction. The district court failed to explain how it resolved BMW's objections to find that all of the hours billed by Green's attorneys were reasonable and then awarded Green *more* attorney fees than she requested on remand.

Given the district court's abuse of discretion, the length of this litigation, and the fees already incurred, we decline to remand for further district court proceedings. *See Arundel v. Arundel*, 281 N.W.2d 663, 667 (Minn. 1979) ("[W]e are not free to substitute our judgment for that of the [district] court absent a clear abuse of its discretion."); *Scott v. Forest Lake Chrysler-Plymouth-Dodge*, 668 N.W.2d 45, 51 (Minn. App. 2003) (modifying the fee award rather than remanding "[d]ue to the protracted nature of this proceeding and in the interest of judicial economy").

This case is no different from other cases tried by Green's attorneys, who specialize in lemon-law litigation. No novel issues were raised in this litigation and no complex expert testimony was required. Green called six witnesses during the four-day trial, and BMW called five. Nevertheless, Green's attorneys billed more than 600 hours

to prepare and present her case. The skill and experience of the attorneys are adequately reflected in their generous hourly rates, and should have resulted in fewer hours of preparation. After analyzing the result obtained and the issues and amount involved, we conclude that Green's attorneys billed many hours to BMW that they would not properly bill to their client and that they did not exercise billing judgment. *See Green*, 826 N.W.2d at 538-39.

Given the nature of the case, the expertise of Green's attorneys, the amount involved, and the results obtained, we conclude that it would have been reasonable for Green's attorneys to spend no more than 300 hours on this litigation. Green's attorneys are therefore entitled to $110,332 in attorney fees for the original litigation.[6] This award is reasonable in light of the amount involved, the result obtained, and the relatively uncomplicated issues involved.

**IV.     The district court did not err in awarding Green additional attorney fees and costs incurred on remand.**

Finally, BMW argues that the district court erred in awarding Green the additional attorney fees and costs she incurred on remand. BMW specifically argues that Minnesota's lemon law permits only successful consumers to recover attorney fees and costs, and here Green "lost at the Minnesota Supreme Court on the attorney-fee issue." BMW relies on *Pfeiffer v. Ford Motor Co.*, in which we held that consumers who unsuccessfully asserted a lemon-law claim were not entitled to recover their attorney fees

---

[6] We calculate that one attorney did roughly 60% of the work at $375 per hour and the other did roughly 40% of the work at $350 per hour. A proportional division of 300 attorney hours results in an award of $109,500. We add to that the district court's award of $832 in paralegal fees.

and costs. *See* 517 N.W.2d 76, 80 (Minn. App. 1994), *review denied* (Minn. Aug. 11, 1994). But in *Pfeiffer*, the consumers did not prevail on their lemon-law claim. *Id.* *Pfeiffer* does not suggest that a consumer who prevails on a lemon-law claim is barred from recovering attorney fees and costs when an appellate court remands for reconsideration of the fee award only. Here, Green prevailed on her lemon-law claim and remains eligible for attorney fees and costs, including those fees and costs she incurred on remand. Moreover, Green did not "los[e] at the Minnesota Supreme Court" because the supreme court remanded for the district court to consider a factor under the lodestar method that it failed to consider when calculating the original fee award.

When a statute provides for an award of attorney fees, "[i]t would be inconsistent with the intent of the legislature, in providing for attorneys' fees, to dilute a fee award by refusing to compensate an attorney for the time reasonably spent on appellate work defending a judgment." *Hughes v. Sinclair Mktg, Inc.*, 375 N.W.2d 875, 879 (Minn. App. 1985), *aff'd in part, rev'd in part on other grounds*, 389 N.W.2d 194, 200 (Minn. 1986). The district court therefore did not abuse its discretion in awarding Green attorney fees and costs on remand.[7] *See Milner*, 748 N.W.2d at 620.

We affirm the district court's award of attorney fees and costs incurred on remand and its award of costs incurred on the original litigation (which BMW does not challenge in this appeal). But we modify the district court's calculation of the original attorney fees

---

[7] On appeal, BMW does not argue that the amount that the district court granted in attorney fees and costs on remand was unreasonable. Therefore, we affirm the award of $21,432.50 in attorney fees and $111.00 in litigation costs incurred on remand.

to $110,332.  Green's attorneys are entitled to a total award, including litigation costs, of $139,440.90.

**Affirmed as modified.**