*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1108**

Jovani Nassar, et al.,
Appellants,

vs.

U.S. Home Corporation d/b/a Lennar Homes,
Respondent.

**Filed April 27, 2015
Affirmed
Hooten, Judge**

Hennepin County District Court
File No. 27-CV-12-21299

David D. Hammargren, Hammargren & Meyer, P.A., Bloomington, Minnesota; and

Paul S. Almen, DeWitt Mackall Crounse & Moore S.C., Minneapolis, Minnesota (for appellants)

Robert H. Torgerson, Stephen E. Schemenauer, Stinson Leonard Street, LLP, Minneapolis, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Connolly, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

In this attorney-fee dispute, appellants argue that the district court (1) failed to apply the correct statutory and caselaw standard for determining a fee award; and (2)

failed to consider all of the relevant circumstances in assessing the reasonableness of the attorney fees requested by respondent. We affirm.

## FACTS

This case has a long procedural history,[1] which is summarized in our previous decision involving these parties, *Nassar v. U.S. Home Corp.*, No. A13-1137, 2014 WL 621700 (Minn. App. Feb. 18, 2014), *review denied* (Minn. Apr. 29, 2014). Appellants Jovani Nassar and Sonia Morales purchased a home from respondent U.S. Home Corporation d/b/a Lennar Homes, Inc. in 2009 and experienced problems with improper drainage on the property. *Id.* at *1. Appellants claimed that, prior to their purchase, respondent had failed to properly grade the property by installing drainage swales. *Id.* In June 2012, the parties entered arbitration to resolve this dispute due to a clause in their purchase agreement. *Id.*

The arbitrator ultimately found that respondent had failed to properly grade appellants' property with an adequate swale and that a repair plan submitted by respondent would adequately address the drainage problem. *Id.* The arbitrator did not allow appellants to rescind the purchase agreement, but required respondent to pay for repair of the property in accordance with the repair plan. *Id.*

---

[1] In addition to their arbitration dispute with respondent, appellants filed a separate suit against their neighbors, alleging various tort claims and a breach-of-contract claim in relation to their property's drainage problems. After summary judgment and a partially successful appeal that reinstated some of appellants' claims, a jury found in favor of the neighbors and we affirmed. *Nassar v. Chamoun*, No. A13-2097 (Minn. App. Sept. 22, 2014), *review denied* (Minn. Dec. 16, 2014); *see also Nassar v. Chamoun*, No. A11-0793 (Minn. App. Feb. 13, 2012).

2

However, appellants claimed that the repair plan did not conform to the building code, and when the arbitrator refused to modify his award, appellants moved the district court to vacate the arbitration award under Minn. Stat. § 572B.23 (2012). *Id.* at *1–2. Appellants essentially claimed that the remedy ordered by the arbitrator was "deeply flawed," raising seven different arguments in support of this proposition. The district court found that some of these arguments "misidentif[ied] or conflate[d] grounds for vacating an arbitration award" and were repetitious. The district court further noted that "a number of other arguments . . . [did] not constitute recognized bases to vacate an arbitration award under Minnesota law." Addressing appellants' "statutorily approved arguments," the district court ultimately denied the motion to vacate the award, concluding that there was no prejudicial misconduct by the arbitrator and that the arbitrator did not exceed his authority under the parties' purchase agreement.

Appellants appealed to this court, and we affirmed in an unpublished opinion. *Id.* at *1. We concluded that (1) the remedy created by the arbitrator was within his authority, (2) appellants' claim that the arbitrator denied them the opportunity to respond to respondent's proposed repair plan was unsubstantiated by the record, and (3) the arbitrator did not exceed his authority by denying costs and disbursements to appellants and ordering the parties to equally share arbitration costs. *Id.* at *3–5. Subsequently, respondent filed a motion with this court for appellate attorney fees under Minn. Stat. § 572B.25(c) (2014). We denied respondent's request, noting our disagreement with respondent's view that "fees should be awarded as a sanction or that the appeal should be characterized as frivolous or completely without merit." *Nassar v. U.S. Home Corp.*, No.

3

A13-1137 (Minn. App. June 19, 2014) (order). At the same time, we also rejected appellants' claim that attorney fees could be awarded only if there was a determination that their claims were frivolous. *Id.*

After our opinion was filed, respondent moved the district court for attorney fees in the amount of $39,637.69, which were incurred during the district court litigation prior to appellants' appeal. The district court granted the motion in part and awarded respondent $9,852.13. The district court rejected appellants' claim that it had to find their underlying arguments frivolous in order to award attorney fees, and instead applied the "lodestar" analysis from *Green v. BMW of N. Am., LLC*, 826 N.W.2d 530 (Minn. 2013). The district court concluded that the hours billed by respondent's counsel were reasonable, but only granted 25% of the fees requested because appellants' litigation conduct only "caused [respondent] to incur 25% more in attorneys' fees than it reasonably should have in responding to this matter."

Appellants challenge the district court's attorney-fee award, asking this court to reverse the attorney-fee award and hold that respondent is not entitled to recover any attorney fees. Respondent does not separately appeal from the district court's decision to award only 25% of its requested attorney fees.

## DECISION

Appellants argue that the district court failed to correctly apply the statutory and caselaw authority for an award of attorney fees, and that its findings as to the reasonableness of respondent's asserted fees and the impact of appellants' litigation conduct were erroneous. Under the Minnesota Uniform Arbitration Act (MUAA), the

4

district court has discretion to award "attorney fees and other reasonable expenses of litigation" to the prevailing party in an arbitration challenge. Minn. Stat. § 572B.25(c).[2] We review a district court's award of attorney fees for an abuse of discretion. *Green*, 826 N.W.2d at 534.

## I.

In support of their claim that the district court failed to correctly apply the law for an award of attorney fees, appellants first argue that the district court erred as a matter of law by awarding attorney fees against them in the absence of a finding that their claims were brought in bad faith or were frivolous. Second, appellants claim that the district court erred by failing to apply caselaw-specific factors when awarding attorney fees under Minn. Stat. § 572B.25. The district court abuses its discretion if it applies improper standards when awarding fees. *Id.* at 534–35.

Appellants initially argue that, based on respondent's assertion at the district court level that the MUAA is intended to discourage overly litigious conduct, "it would follow that an award of attorneys' fees would be unreasonable unless a motion to vacate is frivolous or brought in bad faith." Using federal caselaw, appellants made similar arguments that were rejected not only by the district court, but also by this court when respondent previously moved for appellate attorney fees. Here, appellants again provide no Minnesota precedent supporting this proposition, and the plain language of the statute

---

[2] This provision has not yet been construed in any Minnesota appellate decision, as its application to arbitration challenges became mandatory as of August 1, 2011. *See* Minn. Stat. § 572B.03(b) (2014). Its predecessor statute only allowed for the taxation of costs and disbursements and did not provide for an award of attorney fees by the district court. Minn. Stat. § 572.21 (2010).

does not indicate that the district court's discretion to award fees is constrained to frivolous or bad-faith arbitration award challenges. *See* Minn. Stat. § 572B.25(c) ("[T]he court *may add* to a judgment confirming . . . an award, attorney fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made." (Emphasis added.)). Adopting appellants' construction of the statute would also contravene the presumption that "the legislature intends the entire statute to be effective and certain," Minn. Stat. § 645.17(2) (2014), as district courts are already empowered, when civil actions are litigated in bad faith, to award fees as a sanction under Minn. Stat. § 549.211 (2014) and Minn. R. Civ. P. 11.03. We therefore decline appellants' invitation to so narrowly construe section 572B.25.

Alternatively, appellants claim that when statutes like section 572B.25 give district courts discretion in awarding fees, "something other than the lodestar method of review is required to determine whether an award of attorneys' fees is warranted." Appellants appear to argue that, instead of the lodestar method, district courts should be required to consider the circumstances set out in *State by Head v. Paulson*, 290 Minn. 371, 188 N.W.2d 424 (1971), and *Jadwin v. Kasal*, 318 N.W.2d 844 (Minn. 1982). Appellants claim that the district court therefore abused its discretion by not considering either the *Paulson* or the *Jadwin* circumstances in this case.

But, the district court did not indicate that it was *refusing* to consider the circumstances provided in *Paulson* and *Jadwin*. In fact, at a hearing, it noted that it "intend[ed] to consider all of the relevant factors because that's what the courts tell us to do. Whether it's the *Jadwin* case or the *Green* . . . case, the courts urge a fulsome

6

consideration." In its order, the district court provided that it was following the lodestar method for awarding attorney fees as provided in *Green*. The supreme court, in adopting the lodestar method in *Green*, explicitly directed district courts to consider "*all relevant circumstances*" when determining the reasonable value of legal services, including the six factors originally set forth in the *Paulson* decision. *Id.* (emphasis added) (quoting *Paulson*, 290 Minn. at 373, 188 N.W.2d at 426). In considering *all* relevant circumstances, district courts are not precluded from also considering the additional circumstances provided in *Jadwin* that go beyond those explicitly delineated in *Paulson* and *Green*, such as the taxed party's ability to pay. *See Jadwin*, 318 N.W.2d at 848. Because utilization of the lodestar method under *Green* includes consideration of all relevant circumstances, including those set forth in *Paulson* and *Jadwin*, the district court did not abuse its discretion by choosing to apply this standard.

## II.

Appellants next argue that the district court improperly applied the lodestar method by failing to adequately consider the reasonableness of respondent's requested attorney fees and the circumstances of the case. The lodestar method requires district courts to consider the reasonableness of the number of hours billed and the fee rate. *Green*, 826 N.W.2d at 536. In addition, district courts "should consider all relevant circumstances" in setting the amount of recoverable attorney fees, including: (1) the time and labor required; (2) the nature and difficulty of the responsibility assumed; (3) the amount involved and the results obtained; (4) the fees customarily charged for similar legal services; (5) the experience, reputation, and ability of counsel; and (6) the fee

7

arrangement existing between counsel and the client. *Id.* (quoting *Paulson*, 290 Minn. at 373, 188 N.W.2d at 426). "The reasonableness of [the] hours expended and the fees imposed raise questions of fact," and we reverse findings of fact only if they are clearly erroneous. *City of Maple Grove v. Marketline Constr. Capital, LLC*, 802 N.W.2d 809, 819–20 (Minn. App. 2011).

The district court found that in light of the district court's familiarity with the case and its review of the billings, the 112.6 hours billed by respondent's counsel were reasonable. It did not analyze the hourly rate because appellants did not dispute the reasonableness of the rate. The district court then proceeded to reduce respondent's requested award by 75%. It reasoned that appellants' conduct in the litigation, while not frivolous, "unnecessarily complicated the proceedings" by presenting several arguments that were either repetitive or invalid reasons under MUAA to vacate an arbitration award. The district court found that this litigation conduct caused respondent to incur 25% more attorney fees than it otherwise would have and accordingly awarded $9,852.13 to respondent, about one-quarter of the nearly $40,000 requested.

Appellants first challenge the district court's failure to assess the reasonableness of the fee rate. Respondent's affidavit provided that its attorneys charged around $275 per hour for roughly 43 hours of associate work, and around $400 per hour for about 69 hours of shareholder work. But, appellants did not dispute the reasonableness of these rates before the district court. Therefore, the question is not properly before this court. *See Thiele v. Stitch*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that, generally, appellate courts address only those questions presented to and considered by the district court).

8

Further, appellants provide no indication on appeal *why* the rates should have been considered unreasonable by the district court. *See In re Estate of Rutt*, 824 N.W.2d 641, 648 (Minn. App. 2012) (providing that a party who inadequately briefs an argument forfeits that argument), *review denied* (Minn. Jan. 29, 2013). Because this record otherwise indicates the district court's familiarity with this case, any error by the district court in foregoing a reasonableness analysis in light of appellants' apparent concession of this issue is harmless. *See* Minn. R. Civ. P. 61 (requiring harmless error to be ignored).

Appellants also argue that the district court failed to provide any analysis of the reasonableness of the hours expended by respondent. "[W]hen the reasonableness of the 'hours expended' component of the fee claim is challenged, the [district] court should scrutinize it, and either make findings or otherwise concisely explain why it felt the hours claimed are reasonable or unreasonable." *Anderson v. Hunter, Keith, Marshall & Co.*, 417 N.W.2d 619, 630 (Minn. 1988). While perhaps lacking in explicit detail, the district court made clear that it had reviewed the detailed billings provided by respondent and found them reasonable in light of its familiarity with the case and knowledge of the work required for this litigation. We decline to second-guess this determination, as the district court adjudicated the underlying claims and therefore was in a "much better position" than an appellate court to assess the reasonableness of those billings. *Id.* at 629; *see also Jadwin*, 318 N.W.2d at 848 (noting the district court's "superior vantage point for observing many of the relevant factors").

Appellants further contend that the district court failed to make any findings regarding the *Paulson* factors, including the amount of money involved in the dispute and

the results obtained in the litigation. While the district court promised "fulsome consideration" of relevant circumstances at oral argument, its order did not explicitly set forth and make findings regarding any of the *Paulson* or *Jadwin* factors. But, caselaw does not dictate that failure to explicitly note and examine every relevant circumstance is reversible error. We have affirmed attorney-fee awards lacking "specific findings relating to the award" when the district court has considered the factors and the record contains support in the form of detailed time records and an explanatory affidavit. *Automated Bldg. Components, Inc. v. New Horizon Homes, Inc.*, 514 N.W.2d 826, 831 (Minn. App. 1994), *review denied* (Minn. June 15, 1994); *see also Geske v. Marcolina*, 624 N.W.2d 813, 817 (Minn. App. 2001) (noting that lack of findings for need-based fee awards in dissolution proceedings is "not fatal to an award where review of the order reasonably implies that the district court considered the relevant factors" and was familiar with the case history (quotation omitted)).

Here, the same district court judge adjudicated the merits of the underlying arbitration challenge and was provided detailed time records and an explanatory affidavit by respondent. The district court further conducted an extensive review of the underlying proceeding in determining the proper fee award, which effectively was an analysis of the time required and the difficulty of the litigation for respondent, two of the circumstances noted in both *Jadwin* and *Paulson*. *See Jadwin*, 318 N.W.2d at 848; *Paulson*, 290 Minn. at 373, 188 N.W.2d at 426. And, the $9,852.13 in attorney fees awarded by the district court here is significantly less than the approximately $13,000 of damages at stake—in stark contrast to a case like *Green*, in which the attorney-fee award was nearly ten times

the amount in dispute. *See* 826 N.W.2d at 533 (noting that the district court awarded plaintiff $221,499 in attorney fees after plaintiff received a $25,157 damages judgment).

Appellants finally argue that the district court abused its discretion by finding that appellants' litigation conduct caused respondent to incur 25% more attorney fees than it otherwise would have. Appellants claim that finding is without support in the record, pointing to the fact that this court decided that their arbitration challenge was not frivolous or wholly without merit when respondent had earlier requested appellate attorney fees.

However, our earlier denial of respondent's request for its attorney fees incurred in the prior appeal has no bearing on what findings of fact may be made by the district court in considering the course of *district court* litigation, as opposed to the course of *appellate* litigation that was before this court. Before respondent moved for attorney fees in either court, the district court had already found that some of appellants' arguments at the district court level were repetitive, "misidentif[ied] and conflate[d] grounds for vacating an arbitration award," and were not recognized bases to vacate under Minnesota law. In awarding attorney fees, the district court further analyzed how these arguments repetitively challenged the arbitrator's choice of remedy. Moreover, the district court's decision to make this finding and then limit its attorney-fee award to those fees that were incurred by respondent due to appellants' "unnecessar[y] complicat[ion]" of the proceedings, after already determining that the number of hours spent by respondent in litigating the district court action was reasonable, actually reduced appellants' fee-award liability to respondents. To the extent there was any error here, it did not prejudice

11

appellants.  *See Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975) ("[W]e do not reverse unless there is error causing harm to the appealing party." (quotation and emphasis omitted)).  Considering the record before us and the arguments made by appellants, we conclude that this finding is not clearly erroneous.

Therefore, we conclude that the district court did not abuse its discretion in its award of attorney fees against appellants.

**Affirmed.**